IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLICK ENTERTAINMENT, INC., a Hawaii Corporation, | CIVIL NO. 07-00342 DAE-KSC |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT |
| vs. | |
| JYP ENTERTAINMENT COMPANY, LTD.; STAR M ENTERTAINMENT; BEOM CHANG KANG; REVOLUTION ENTERTAINMENT; SE HYUN YUN, JI-HOON JEONG, also known as RAIN; JOHN DOES 1-25; JANE DOES 1-25; DOE ENTITIES 1-20 | |
| Defendants, | |
| and | |
| JYP ENTERTAINMENT COMPANY, LTD., JI-HOON JEONG, also known as RAIN, Erroneously sued herein as JI-HOON JEONG, aka RAIN, | |
| Third-Party Plaintiffs, | |
| vs. | |
| MARK LEWIS; RAIN CORPORATION, a Nevada Corporation, | |
| Third-Party Defendants. | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Before the Court is Plaintiff Click Entertainment, Inc.'s ("Plaintiff") Motion for Default Judgment on Proof as to Defendants Star M Entertainment ("Star M") and Revolution Entertainment ("Revolution") (collectively "Defendants"), filed March 25, 2008.

This matter came on for hearing on April 28, 2008. Eric Seitz, Esq. appeared on behalf of Plaintiff. Jennifer Lyons, Esq., appeared, and Jon Crocker, Esq., appeared by phone, on behalf of Defendants JYP Entertainment Company, Ltd. ("JYP") and Ji-Hoon Jeong, aka Rain ("Rain"). At the hearing, the Court requested that Plaintiff's counsel submit a declaration regarding Plaintiff's offer of proof. On April 30, 2008, Plaintiff filed said declaration.

After carefully reviewing the Motion, the supporting memorandum and declarations, and the arguments of counsel, the Court HEREBY GRANTS IN PART AND DENIES IN PART Plaintiff's Motion.

BACKGROUND

On June 21, 2007, Plaintiff filed its Complaint.  Plaintiff served the Complaint on Star M and Revolution on December 7, 2007, and December 20, 2007, respectively.  The instant action arises out of a contract entered into between Plaintiff and Revolution on March 20, 2007, which involved the purchase of the rights to produce and promote a Hawaii concert featuring Rain, a Korean entertainer, for $540,000.00.  Declaration of Seung Su Lee ("Lee Decl.") at ¶ 2.  Rain and his production company, JYP, had formed an association with Star M to promote Rain's world tour, which in turn contracted with Revolution to produce the North American Rain concerts, including the concert scheduled to take place in Hawaii.  Id. at ¶ 3.  Initially, the concert was scheduled to take place on July 3, 2007.  Compl. at ¶ 30.  However, on or about May 3, 2007, Rain's representatives and/or agents unilaterally moved the date of the concert to June 15, 2007.  Id. at ¶ 33.

In connection with the concert and in reliance

on Defendants' assurances that the concert would proceed as scheduled, Plaintiff allegedly incurred costs and expenses to rent Aloha Stadium, advertise the concert, print and sell tickets, and for other related items totaling $596,700.00.

On June 7, 2007, Defendants announced to the Korean media that they had postponed the "Rain's Coming" world tour at locations across the United States.  Id. at ¶ 42.  On June 9, 2007, Star M informed Plaintiff's representative that the Hawaii concert was canceled due to inadequacies in the stage setup.  Id. at ¶ 43.  Even after Mark Russo, the "Rain's Coming" United States Tour Stage Manager, purportedly addressed concerns about the setup, a Star M representative determined that there was not enough time for the concert to proceed as scheduled.  Id. at ¶ 44. Plaintiff has requested reimbursement of the licensing fees but has not received a response from Defendants. Id. at ¶ 45; Lee Decl. at ¶ 12.

In the Complaint, Plaintiff alleges RICO violations, breach of contract by Revolution, and

4

fraud.  Plaintiff requests general, special and punitive damages; for reimbursement of costs and reasonable attorneys' fees; and for treble damages along with reasonable fees and costs for RICO claims as provided by 18 U.S.C. § 1964(c).  Plaintiff alleges that it suffered monetary damages including but not limited to the $500,000 licensing fee paid to Revolution; costs for arranging the stage production, video, and sound; rental of Aloha Stadium; advertisement of the concert through print and broadcast media; procurement of specially printed shirts to sell at the concert; and arrangement of hotel and airplane reservations.

On March 20, 2008, the Clerk's office entered default at Plaintiff's request as to Star M and Revolution.  Plaintiff subsequently filed the instant Motion.

## DISCUSSION

Plaintiff argues that it is entitled to default judgment against Star M and Revolution.  Under Federal Rule of Civil Procedure ("FRCP") 55(b)(1), the Clerk of

the Court may enter default judgment for the plaintiff if the defendant has defaulted by failing to appear and plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  See Fed. R. Civ. P. 55(b)(1).  In all other cases, the plaintiff must apply to the court for default judgment.  See Rule 55(b)(2).  If the defendant has appeared in the action, the plaintiff must serve written notice of the application on the defendant at least three days prior to the hearing.  Courts may conduct an evidentiary hearing "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter[.]"  Id.

"'The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'"  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United

6

Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). However, a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right. See Warner Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004).  Default judgments are disfavored; cases should be decided on the merits if possible.  See In re Roxford Foods, Inc., 12 F.3d 875, 879 (9th Cir. 1993).  Thus, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

In determining whether to grant default judgment, courts should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning material facts,
> (6) whether the default was due to excusable neglect, and

>       (7) the strong policy underlying the
>       Federal Rules of Civil Procedure favoring
>       decisions on the merits.

Warner Bros., 346 F. Supp. 2d at 1071-72 (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).  In addition, a court can deny default judgment where the defendant has appeared and actively defends against the plaintiff's claims.  See VonGrabe, 312 F. Supp. 2d at 1319.

Rule 54(b) permits courts to direct the entry of final judgment as to fewer than all parties "only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  As the Court will further explain below, there is no just reason for delay.

A.   Eitel Factors Weigh in Favor of Default Judgment

Upon consideration of the Eitel factors, the Court finds that the entry of default judgment against Star M and Revolution is appropriate.  Plaintiff will suffer prejudice if this action proceeds against Star M and Revolution.  It appears that Star M and Revolution were served on December 7, 2007 and December 20, 2007,

8

respectively. Yet they have failed to appear, answer or participate in this action, and have not communicated with Plaintiff or the Court. There being no opposition to this Motion and absent communication by Star M or Revolution, the Court cannot find that Star M and Revolution's failure to answer or otherwise plead was due to excusable neglect. As such, factors one and five militate in favor of default judgment.

In assessing the Complaint, the Court finds that it appears to be adequately pled, particularly given the fact that upon default, the factual allegations are taken as true. Moreover, as a consequence of Star M and Revolution's failure to answer the Complaint, FRCP 8(b) specifies that the allegations therein are deemed admitted. <u>See</u> Fed. R. Civ. P. ("An allegation--other than one relating to the amount of damages--is admitted if a responsive pleading is required and the allegation is not denied."). Thus, not only do factors two and three weigh in favor of default judgment, but also factor five. With all of the allegations taken as true and/or deemed admitted,

there is no real possibility of a dispute concerning material facts.

As for the fourth factor, the Court acknowledges that the sum of money at stake is considerable.  Plaintiff submitted an affidavit detailing the losses suffered as a result of Star M and Revolution's actions, which include: 1) $540,000.00 for the rights to produce and promote Rain's Hawaii concert; 2) $596,700.00 in concert related expenses; 3) $1,000,000.00 in anticipated profits; 4) $5,000,000.00 in lost promotion and business opportunities; 5) $38,000.00 in attorneys' fees and costs; and 6) $25,000,000.00 in punitive damages.  Lee Decl. at ¶¶ 5, 6, & 16-19.  Being that Plaintiff has alleged that said losses were directly caused by Star M and Revolution's conduct, the Court finds that this factor weighs in favor of default judgment.[1]

Although the Court recognizes the strong policy favoring resolution of cases on their merits,

---

[1]  The Court will later discuss Plaintiff's entitlement to damages.

10

proceeding with the instant litigation against Star M and Revolution would be futile and frustrate the Court's ability to manage its docket.  Star M and Revolution have not appeared, answered, or communicated with the Court.  The lack of communication will only serve to unnecessarily delay this case.  Hence, this factor does not weigh against the entry of default judgment.

In sum, the Court finds that the foregoing factors weigh in favor of entering default judgment against Star M and Revolution.

B.   Damages

As earlier discussed, Plaintiff seeks the total amount of $32,174,700.00 in damages, fees and costs. The Court declines to recommend that the district court award this full amount.  However, the Court finds that Plaintiff is entitled to an award of damages. Specifically, the Court is satisfied that the allegations in the Complaint and Mr. Lee's declaration

11

establish that Plaintiff suffered $2,136,700.00[2] in actual damages.  Accordingly, the Court recommends that the district court enter default judgment against Star M and Revolution, jointly and severally, in the amount of $2,136,700.00.

On the other hand, the Court finds that Plaintiff has not proven its entitlement to the consequential and punitive damages requested in Mr. Lee's declaration , totaling $30,000,000.00.  While additional losses may have been sustained by Plaintiff as a result of Star M and Revolution's conduct, an award of $5,000,000.00 in consequential damages consisting of lost potential of business opportunities is overly speculative.  Based on the existing record in the present case, the Court finds that there is insufficient evidence to prove that Plaintiff has sustained lost profits and business opportunities and is entitled to recover $5,000,000.00 in consequential

---

[2]  This figure represents the monies paid for the rights to produce and promote the concert, the concert related expenses incurred by Plaintiff, and the anticipated profits from the concert.

damages.

Similarly, the Court finds that Plaintiff has not proven its entitlement to an award of $25,000,000.00 in punitive damages.  Punitive damages are "damages assessed in addition to compensatory damages for the purpose of punishing the defendant for aggravated or outrageous misconduct and to deter the defendant and others from similar conduct in the future."  Ass'n of Apartment Owners of Newtown Meadows ex rel. its Bd. of Directors v. Venture 15, Inc., 115 Hawai'i 232, 297, 167 P.3d 225, 290 (2007) (quoting Masaki v. Gen. Motors Corp., 71 Haw. 1, 6, 780 P.2d 566, 570 (1989) (citations omitted)) (quotations omitted).

> In order to recover punitive damages, "[t]he plaintiff must prove by clear and convincing evidence that the defendant has acted wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations, or where there has been some wilful misconduct or that entire want of care which would raise the presumption of a conscious indifference to consequences."

Id. (quoting Masaki, 71 Haw. at 16-17, 780 P.2d at 575

13

(citation omitted)). In cases involving wrongdoing by the defendant that "has been intentional and deliberate, and has the character of outrage frequently associated with crime, all but a few courts have permitted the jury to award . . . [punitive damages.]" <u>Masaki</u>, 71 Haw. at 6, 780 P.2d at 570 (quotations omitted) (alteration in original).

The defendant's mental state is a primary focus of the inquiry in determining whether punitive damages are appropriate. <u>Id.</u> "[T]o justify an award of punitive damages, 'a positive element of conscious wrongdoing is always required.' Thus, punitive damages are not awarded for mere inadvertence, mistake, or errors of judgment." <u>Id.</u> (citation omitted).

Here, Plaintiff has not proven, by clear and convincing evidence, that Star M and/or Revolution has acted "wantonly or oppressively or with such malice as implies a spirit of mischief or criminal indifference to civil obligations." To determine whether the award of punitive damages is appropriate, the Court primarily focuses on the defendant's mental state. Insofar as

the evidence related to Star M and Revolution's mental state and/or intent is insufficient to support an award of punitive damages, Plaintiff's request for an award of $25,000,000.00 in punitive damages should be denied.

Finally, Plaintiff requests $38,000.00 in attorneys' fees and costs.  Although the Court finds that Plaintiff is entitled to an award of reasonable fees and costs, the amount of the award shall be determined at a later date.  Plaintiff failed to submit a declaration and/or other submissions to detail and verify the reasonableness of the fees and costs requested.  Therefore, if Plaintiff seeks to recover fees and costs, it shall submit a declaration in conformance with Local Rule 54.3(d) by May 20, 2008, so that the Court may ascertain the reasonableness of Plaintiff's request and recommend an appropriate award of fees and costs.

## CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that Plaintiff Click Entertainment, Inc.'s Motion for Default Judgment on

Proof as to Defendants Star M Entertainment and Revolution Entertainment, filed March 25, 2008, be GRANTED IN PART AND DENIED IN PART.  The Court recommends that the district court enter default judgment against Defendants Star M Entertainment and Revolution Entertainment and award Plaintiff 1) $2,136,700.00 in damages and 2) reasonable attorneys' fees and costs, the amount of which shall be determined after Plaintiff's counsel submits the requisite declaration and supporting documentation.

     IT IS SO FOUND AND RECOMMENDED.

     DATED: Honolulu, Hawaii, May 8, 2008.



                                    Kevin S.C. Chang
                                    United States Magistrate Judge

CLICK ENTERTAINMENT, INC. v. JYP ENTERTAINMENT COMPANY, LTD., ET AL.; CIVIL NO. 07-00342 DAE-KSC; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT