IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLICK ENTERTAINMENT, INC., a Hawaii Corporation, </br></br>            Plaintiff, </br></br>     vs. </br></br>JYP ENTERTAINMENT COMPANY, LTD., a Korean Limited Company; STAR M ENTERTAINMENT, a Korean Company; BEOM CHANG KANG; REVOLUTION ENTERTAINMENT; SE HYUN YUN; JI-HOON JEONG, aka RAIN; JOHN DOES 1-25; JANE DOES 1-25; DOE ENTITIES 1-20, </br></br>            Defendants. </br>_____ </br>JYP ENTERTAINMENT COMPANY, LTD., and JI-HOON JUNG aka RAIN, erroneously sued herein as JI-HOON JEONG aka RAIN, </br></br>            Third-Party Plaintiffs, </br></br>     vs. </br></br>MARK LEWIS; RAIN CORPORATION, a Nevada Corporation, | CIVIL NO. 07-00342 DAE-KSC |

      Third-Party Defendants.  )
_____  )

ORDER ADOPTING MAGISTRATE'S FINDINGS AND
RECOMMENDATION AND DENYING OBJECTIONS

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing.  After reviewing the objections and the evidence, this Court DENIES Plaintiff's objections and ADOPTS the Magistrate's Findings and Recommendation.

BACKGROUND

On May 14, 2008, Magistrate Judge Chang issued a findings and recommendation ("F&R") that default judgment be entered against Star M Entertainment and Revolution Entertainment in the amount of $2,136,700.  (Doc. # 108.)  This amount included the monies paid by Plaintiff to produce and promote the concert for "Rain," which ultimately was cancelled, the concert related expenses incurred by Plaintiff and the anticipated profits.  The Magistrate Judge also found that Plaintiff was entitled to an award of reasonable attorneys' fees and costs and that Plaintiff should submit a declaration in conformance with the Local Rules setting forth the amount sought.  The Magistrate Judge denied Plaintiff's request for an award of $25,000,000 in punitive damages because Plaintiff had not

2

produced sufficient evidence regarding the requisite intent to support an award of punitive damages. The Magistrate Judge also denied Plaintiff's request for $5,000,000 in consequential damages because Plaintiff had not provided sufficient evidence to establish that it had sustained lost business opportunities in the amount of $5,000,000.

On May 14, 2008, Plaintiff filed the instant objections to the F&R. Plaintiff asserts that it is entitled to reimbursement of its fees and costs set forth in the attached declaration. (Doc. # 111.) Plaintiff also asserts that its request for punitive damages was well supported.

## STANDARD OF REVIEW

Any party may serve and file written objections to proposed findings and recommendations. See 28 U.S.C. § 636(b). Pursuant to Local Rule 74.2, when a party objects to a magistrate judge's dispositive order, findings, or recommendations, the district court must make a de novo determination. A de novo review means "the court must consider the matter anew, the same as if it had not been heard before and as if no decision previously had been rendered." U.S. Pac. Builders v. Mitsui Trust & Banking Co., 57 F. Supp. 2d 1018, 1024 (D. Haw. 1999) (citation omitted).

"The court may 'accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.' The court also may receive further evidence or recommit the matter to the magistrate with instructions." <u>McDonnell Douglas Corp. v. Commodore Bus. Machs., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981) (citation omitted); LR 74.2.

## DISCUSSION

Plaintiff's objections are meritless. With respect to Plaintiff's objection that the Magistrate Judge should impose a specific amount of attorneys' fees and costs, the Magistrate Judge clearly directed Plaintiff that if it wanted to seek fees and costs, it should file a declaration in compliance with Local Rule 54.3(d).

Local Rule 54.3(d) provides that the party seeking attorneys fees shall set forth descriptions of work performed organized by litigation phase, etcetera. The party must also describe the services rendered. Plaintiff attached to its objections a declaration by counsel in which he states that Plaintiff incurred legal fees and costs in the amounts of $51,000 and $8,300, respectively and that he has been informed that Plaintiff incurred fees and costs in the employment of Korean attorney's in the amount of $18,000. Plaintiff provides no computation or other support for its blanket statement. Neither does Plaintiff set forth descriptions of

work performed. The declaration does not therefore comply with the Local Rules. Thus, this Court denies Plaintiff's objection to the F&R based upon the request for the imposition of a certain amount in attorneys fees and costs because Plaintiff has not complied with the Local Rules.[1]

With respect to Plaintiff's request for punitive damages, Plaintiff reiterates the basic facts of this case and attaches emails discussing cancellations of concerts. This evidence, however, does not demonstrate that Star M and Revolution engaged in outrageous misconduct and that they acted with malice and without mere inadvertence or mistake. Masaki v. Gen. Motors Corp., 780 P.2d 566, 571 (Haw. 1989) ("to justify an award of punitive damages, 'a positive element of conscious wrongdoing is always required.' Thus, punitive damages are not awarded for mere inadvertence, mistake, or errors of judgment.") (citation omitted). Accordingly, Plaintiff has failed to establish that it is entitled to an award of punitive damages.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's objections and ADOPTS the Magistrate's Findings and Recommendation.

---

[1] This Court notes that Plaintiff appears to understand what is necessary when filing a request for attorneys fees as Plaintiff has successfully sought fees related to a sanctions motion. (See Docs. # 115, # 119.)

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 6, 2008.



_____
David Alan Ezra
United States District Judge

Click Entertainment, Inc. vs. JYP Entertainment Company, Ltd., et al., CV No. 07-00342 DAE-KSC; ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATION AND DENYING OBJECTIONS