IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CLICK ENTERTAINMENT, INC., a Hawai'i Corporation | ) ) | Civ. No. 07-00342 ACK-KSC |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| JYP ENTERTAINMENT COMPANY, LTD., a Korean Limited Company; et al., | ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER APPROVING THE AUGUST 7, 2009 STIPULATION AS MODIFIED; AND VACATING THE MARCH 19, 2009 VERDICT AND THE APRIL 6, 2009 AMENDED JUDGMENT

On August 7, 2007, Plaintiff Click Entertainment, Inc. ("Plaintiff" or "Click"), together with Defendants JYP Entertainment Company, Ltd. ("JYP"), and Ji-Hoon Jung, aka Rain ("Rain"), filed a stipulation to set aside and vacate the jury verdict filed on March 19, 2009 and the amended judgment entered on April 6, 2009 ("Stipulation").  After reviewing the Stipulation and its accompanying briefs, and in applying the applicable balancing of the equities test, the Court approves the Stipulation, as modified below, and orders that the March 19, 2009 verdict and the April 6, 2009 amended judgment be set aside and vacated as to all parties.

1

## BACKGROUND

On June 9, 2008, default judgments were entered against Defendants Star M Entertainment ("Star M") and Revolution Entertainment ("Revolution"), awarding Plaintiff damages of $2,136,700.00, as well as reasonable attorney's fees and costs. On March 2, 2009, default judgment was entered against Defendant Beom Chang Kang ("Kang") for the same amount.  On March 19, 2009, after a five-day trial, the jury returned a verdict against Defendants JYP, Rain, Star M, and Revolution, and in favor of Plaintiff ("Verdict").  On the same day, judgment was entered against Defendants JYP and Rain.  On March 25, 2009, Plaintiff filed a notice of dismissal as to Defendant Yun (the only remaining Defendant against whom judgment had not been entered). On April 6, 2009, the Court ordered that the judgment be amended to reflect that the Verdict was returned against Star M and Revolution, as well as JYP and Rain ("Amended Judgment").

While motions for new trial and for judgment as a matter of law were pending before this Court, Plaintiff, JYP, and Rain (the "Parties") were involved with settlement negotiations. On June 10, 2009, after weeks of settlement discussions, the Parties reached an agreement, and a settlement on the record was held.  Pursuant to that agreement, the Parties now stipulate, and seek the Court's approval, to set aside and vacate the Verdict

and Amended Judgment as to JYP and Rain without affecting the default judgments against Star M, Revolution, and Kang.

## DISCUSSION

"Rule 60 provides the basis for a district court's vacation of judgments when the equities so demand, but it does not establish what substantive standards should be employed." Am. Games, Inc. v. Trade Products, Inc., 142 F.3d 1164, 1168 (9th Cir. 1998); see Fed. R. Civ. P. 60(b).  Rule 60 provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  In conjunction with vacating the judgment, a district court may also vacate the verdict under which the judgment was entered.  See, e.g., Thomas v. City of Tacoma, 410 F.3d 644, 647 n.2 (9th Cir. 2005) (noting that the district court vacated the verdict after the parties reached a settlement agreement).

Although it may vacate a judgment upon settlement, "a district court is not required to vacate a judgment pursuant to settlement, otherwise, 'any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books.'"  Bates v. Union Oil Co. of California, 944 F.2d 647, 650

3

(9th Cir. 1991) (quoting Ringsby Truck Lines, Inc. v. W. Conference of Teamsters, 686 F.2d 720, 722 (9th Cir. 1982)). Instead, a district court enjoys "equitable discretion when reviewing its own judgments." Am. Games, 142 F.3d at 1170; see Savarese v. Edrick Transfer & Storage, 513 F.2d 140, 146 (9th Cir. 1975) ("[T]he granting or denial of [60(b)] motions is left largely to the discretion of the district court.").

Specifically, two equitable considerations should be addressed where the parties seek to vacate a judgment upon settlement:  "the district court can decide whether to vacate its judgment in light of [(1)] 'the consequences and attendant hardships of dismissal or refusal to dismiss' and [(2)] 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'"  Dilley v. Gunn, 64 F.3d 1365, 1371 (9th Cir. 1995) (quoting Ringsby, 686 F.2d at 722). This analysis is appropriate where, as here, the parties seek to vacate a judgment following settlement.  See Am. Games, 142 F.3d at 1169 ("[T]he district court below could have vacated its own judgment using [the] equitable balancing test even if [the parties] had mooted their case by settlement.").  "The purpose of this balancing process is to enable a district court to consider fully the consequences of vacatur." Bates, 944 F.2d at 650; see Allard v. DeLorean, 884 F.2d 464, 467 (9th Cir. 1989) ("[T]he district court should balance the competing interests of the

4

parties in order to determine whether the judgment below should be vacated."); see also Dilley, 64 F.3d at 1370 ("[T]he touchstone of vacatur is equity.").

The Court addresses these considerations as they apply to the specific facts of this case and determines that it is equitable to vacate the Verdict and Amended Judgment as to all parties. See Am. Games, 142 F.3d at 1170 ("Given the fact-intensive nature of the inquiry required, it seems appropriate that a district court should enjoy greater equitable discretion when reviewing its own judgments.").

## I.   The Equitable Considerations Weigh in Favor of Vacating the Verdict and Amended Judgment.

The Parties jointly seek to vacate the Verdict and Amended Judgment as a result of their settlement agreement. While this Court and the Ninth Circuit "favor the policy of encouraging settlement," this policy carries less weight in the decision to vacate if the parties, as is the case here, have already reached settlement. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Seafirst Corp., 891 F.2d 762, 768 (9th Cir. 1989). Thus, it does not appear that there would be any undue hardship to any party in refusing to vacate the Verdict and Judgment, as settlement has already been reached, and the settlement agreement is not conditioned on vacating the Verdict or Amended Judgment. However, vacating the Verdict and Amended Judgment was contemplated as part of settlement (though not made

a condition of settlement), and thus the Court should, where appropriate, support the negotiations and terms of settlement. See Ahern v. Central Pacific Freight Lines, 846 F.2d 47, 48 (9th Cir. 1988) ("The Ninth Circuit is firmly 'committed to the rule that the law favors and encourages compromise settlements.'" (quoting United States v. McInnes, 556 F.2d 436, 441 (9th Cir. 1977))).  With these considerations in mind, the policy of encouraging settlement does weigh slightly in favor of vacating the Verdict and Amended Judgment on these facts.

Also weighing in favor of approving the Stipulation, the Court is persuaded by the fact that it is the Parties jointly, and more specifically Plaintiff (the prevailing party), who seeks to vacate the Verdict and Amended Judgment.  "Insofar as the prevailing party causes [a final judgment] to become moot [(in this case, by reaching a settlement agreement)], preservation of the district court judgment is problematic." Harrison W. Corp. v. United States, 792 F.2d 1391, 1394 n.2 (9th Cir. 1986).  The instant Stipulation was filed by Plaintiff, and signed by Plaintiff, JYP, and Rain.  Under these circumstances, there is no hardship in approving the Stipulation.  By contrast, in refusing to approve the Stipulation, the Court would be acting contrary to the agreement of the Parties and contrary to

contemplated provisions of the settlement agreement.[1]
Therefore, the consideration of hardships for vacating, or
refusing to vacate, weighs in favor of vacating the Verdict and
Amended Judgment.

There is also little concern as to the competing
considerations of finality of judgment and the relitigation of
unreviewed disputes.  Here again, it is significant that both
parties now seek to vacate the Verdict and Amended Judgment.
Through settlement and now jointly stipulating to vacate, the
parties have given up their ability to have the Verdict and
Amended Judgment reviewed by this Court (through post-trial
motions that were pending at the time of settlement), or on
appeal.  The Defendants were naturally unhappy with the Verdict
and thus raised many wide-ranging challenges to the Verdict and
various court rulings.  As the Defendants note, due to their
settlement the Court did not have an opportunity to respond to

---

[1] The Court notes that defaulting parties Star M,
Revolution, and Kang, were not part of the settlement
negotiations and their interests with relationship to vacating
the Verdict and Amended Judgment, are not represented here.  That
said, the Court notes that these parties have defaulted by their
own choice (Kang, a Star M official, having even testified at
trial), and thus the Court is not persuaded that it should accord
any weight to their potential interests in deciding to vacate the
Verdict and Amended Judgment, where they have chosen not to
advocate for such interests at all.  See Shanghai Automation
Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1010 (N.D. Cal.
2001) (noting the "strong reasons favoring entry of a default
judgment," including, inter alia, "the danger that any damages
awarded is likely to become increasingly uncollectible with the
passage of time").

these issues.  But one issue they raised does appear to present some valid concern; namely, the jury having awarded damages to both the contract and fraud claims, and whether that constituted a double recovery as well as whether Plaintiff would have the right to select a recovery on only one of those claims.  The existence of such an issue weighs against finality of judgment where settlement precludes further review.  Thus, the Court finds that there is little concern that any party is attempting to avoid an adverse decision by settling at this time, particularly because the Parties now jointly seek to vacate.

Further, it does not appear that the prospect of vacating the Verdict and Amended Judgment was a "primary motive" for settlement, as it was not a condition of such settlement. See Am. Games, 142 F.3d at 1170 (finding that the possibility of vacating the judgment was not the "primary motive" of the conduct that made the action moot, and thus affirming the district court's decision to vacate the judgment).  Accordingly, the Court finds that these circumstances, together with the joint agreement of the parties as to the Stipulation and settlement, weigh in favor of vacating the Verdict and Amended Judgment.

## II.  The Verdict and Amended Judgment are Vacated as to All Parties.

In its briefing Order on August 12, 2009, the Court directed the Parties to provide any authority indicating that the Court may vacate the Verdict and Amended Judgment in part, i.e.,

8

as to only JYP and Rain, but not as to Star M and Revolution.
<u>See</u> August 12, 2009 Order, CV 07-00342, Docket #398 (D. Haw. Aug.
12, 2009).  The only authority that either party could provide to
the Court was the text of Rule 60(b) itself, which provides for
the relief of "a party" from final judgment.  <u>See</u> Fed. R. Civ. P.
60(b); Defendant JYP's Memorandum Brief Regarding Jurisdiction
and Authority to Vacate ("JYP's Brief") at 6.  However, the Court
finds that this reference alone is inconclusive at best of the
ability to vacate a judgment as to only certain parties.

Alternatively, the Parties suggest that the Court
vacate the Verdict and Amended Judgment as to all parties.  JYP's
Brief at 7.  The Court finds this option to be more appropriate
under the circumstances because the Court has already found that
the balance of equities weighs in favor of vacating the Verdict
and Amended Judgment and the Court sees no reason why they should
not be vacated as to all parties affected by the Verdict and
Amended Judgment.  Accordingly, the Verdict and Amended Judgment
are vacated in their entirety.[2]

----

[2] In vacating the Verdict and Amended Judgment as to all
parties, the Court need not reach the issue of the inconsistency
between the default judgments and the Verdict and Amended
Judgment as to Star M and Revolution.  Pursuant to this Order,
the only remaining judgments in this action will be the default
judgments against Star M, Revolution, and Kang.

## CONCLUSION

For the foregoing reasons, the Court approves of the August 7, 2009 Stipulation, as modified herein, and orders that the March 19, 2009 Verdict and the April 6, 2009 Amended Judgment be vacated as to all parties.  This Order does not affect the default judgments against Star M, Revolution, and Kang.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, September 22, 2009.



_____
Alan C. Kay
Sr. United States District Judge

Click Entertainment Company, Inc. v. JYP Entertainment Company, et al., CV 07-00342 ACK-KSC: Order Approving the August 7, 2009 Stipulation as Modified; and Vacating the March 19, 2009 Verdict and April 6, 2009 Amended Judgment.

10