LYONS, BRANDT, COOK & HIRAMATSU
Attorneys at Law / A Law Corporation

Stefan M. Reinke  3747-0
1800 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 524-7030
Facsimile:  (808) 533-3011
E-mail:  sreinke@lbchlaw.com

AKIN GUMP STRAUSS HAUER & FELD LLP

Steven M. Pesner, P.C. (*Pro Hac Vice*)
Christopher M. Egleson (*Pro Hac Vice*)
One Bryant Park
New York, NY  10036
Telephone: (212) 872-1039
Facsimile: (212) 872-1002
E-mail:  spesner@akingump.com
         cegleson@akingump.com

Attorneys for Defendant JYP
ENTERTAINMENT COMPANY, LTD.

STARN O'TOOLE MARCUS & FISHER
A Law Corporation

Terence J. O'Toole        1209
Sharon V. Lovejoy         5083
Richard J. Wallsgrove     9054-0
Pacific Guardian Tower, Suite 1900
733 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 537-6100
Facsimile: (808) 537-5434
E-mail:  totoole@starnlaw.com
         slovejoy@starnlaw.com
         rwallsgrove@starnlaw.com

Attorneys for Defendant JI-HOON JUNG aka RAIN, erroneously sued as JI-HOON JEONG, aka RAIN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLICK ENTERTAINMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> JYP ENTERTAINMENT COMPANY, LTD. *et al.*, <br><br> Defendants. | Case No.: 07-cv-342 ACK/KSC <br><br> **FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO RELEASE THE FUNDS HELD IN ESCROW** |

**FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO RELEASE THE FUNDS HELD IN ESCROW**

**FACTUAL FINDINGS**

I. **BACKGROUND**

　A. **Nature of this Matter**

　1.　This is a breach of contract and tort action by Plaintiff Click Entertainment, Inc. against Defendants JYP Entertainment Company, Ltd. ("JYP"), Ji-Hoon Jung ("Rain" and collectively with JYP, the "Defendants"). The subject matter of the action is the cancellation of a concert in which Rain was at one time scheduled to perform.

　2.　The case was tried to a jury. On March 19, 2009, the jury returned a verdict in Click's favor, which was duly entered by the Clerk. Dkt. 290.

1

3. The Court entered judgment on the verdict the same day (Dkt. 292), and subsequently entered an amended judgment against Defendants and two non-appearing defendants. Dkt. 322.

4. JYP and Rain timely moved for judgment notwithstanding the verdict, or for a new trial. While that motion was pending, the parties, with the Court's assistance, entered into a written settlement agreement and placed the basic terms of that agreement on the record before the Court on June 10, 2009 (the "Settlement Agreement"). Dkt. 402.

5. The Settlement Agreement called for the parties to use their best efforts to vacate the judgment in the case. Settlement Agreement § 5.

6. The parties stipulated to vacatur, and the Court vacated the judgment. Dkt. 402.

7. The Settlement Agreement also called for JYP and Rain to each make two payments to Click. Settlement Agreement § 1.

8. JYP and Rain each made the first of the two required payments to Click on July 2, 2009. The second payment, for $500,000 from each of JYP and Rain, was to have been due on February 2, 2010.

## II. THE KOREAN LITIGATION AND SUPPLEMENTAL STIPULATIONS

### A. The Korean Court's Provisional Seizure Order

9. Prior to the second and final payment coming due to Click, the District Court for the Central District of Seoul in Korea (the "Korean Court") issued a Provisional Seizure Order that seized Click's right to receive the second payment on the grounds that Click was allegedly liable to a third-party, Mr. Dae-Geun Park, in an amount greater than the combined amounts that Defendants currently owe to Click.

10. The Provisional Seizure Order expressly forbade JYP and Rain from paying the second payment to Click. Provisional Seizure Against Credit (July 20, 2009), Ex. A to JYP Settlement Stipulation (Dkt. 443).

### B. Escrow Agreements Arising from the Seizure Order

11. The parties negotiated supplemental agreements in light of the Provisional Seizure Order.

12. In a stipulation referred to as the "JYP Settlement Stipulation," between and among JYP, and Click, and non-parties Mr. Seung-Soo Lee (Click's principal) and the attorney for Click, Click, Mr. Lee, and Click's attorney acknowledged the validity of the Provisional seizure order. JYP Settlement Agreement (Dkt. 443) at 2.

3

13. JYP agreed to pay $100,000 of its remaining debt over to Click's counsel personally as attorney fees, and to hold the remaining $400,000 in escrow. *Id.* ¶ 1.

14. This $400,000 amount currently remains in an escrow account maintained by JYP's New York counsel, Akin Gump Strauss Hauer & Feld LLP, which is acting as escrow agent. The JYP Stipulation permits JYP's escrow agent to disburse the escrowed funds "pursuant to orders, which become final, binding and nonappealable, from this Court and the Korean Court." Dkt. 443.

15. The JYP Stipulation further requires Click, Mr. Lee, Click's counsel and JYP to "cooperate with each other so that JYP and the JYP Escrow Agent shall be able to comply with an order or orders of a court or courts with jurisdiction over it/them." *Id.*

16. The JYP Stipulation was so-ordered by this Court. Dkt. 442.

17. Rain likewise entered into an agreement with Click (the "Rain Settlement Stipulation") pursuant to which Rain paid $100,000 of the remaining $500,000 settlement payment directly to Click's counsel personally, and deposited the remaining $400,000 over into this Court's keeping. Dkt. 445.

18. The Rain Settlement Stipulation required Click to take efforts to resolve the claims asserted in Korea such that Rain would no longer be subject to the

Seizure Order issued by the Korean Court, and required the parties to work together in the event the claims in Korea were not resolved.

19. The Rain Settlement Stipulation was also so-ordered by the Court. Dkt. 444.

### III. THE CURRENT DISPUTE

#### A. Resolution of the Korean Litigation

20. The Korean litigation has now been resolved. Three orders of the Korean Court, all of which are final and unappealable, are relevant.

21. On December 13, 2011, the Korean Court approved a mediation statement among and between Mr. Park, Mr. Lee and Click in which Mr. Lee and Click agreed that they "shall jointly and severally pay KRW2,300,000,000 to" Mr. Park. The mediation statement resolved the claims asserted by Mr. Park against Mr. Lee related to the cancellation of the concert that is the subject of this action. Mediation Statement (Dec. 13, 2011), Ex. A (Dkt. 459-4) to Declaration of Sharon V. Lovejoy ("Lovejoy Decl.") (Dkt. 459-3).

22. On January 12, 2011, the Korean Court issued an order converting the original Provisional Seizure Order into a permanent "official seizure." The Official Seizure Order seized KRW1,000,000,000 owed by JYP and Rain to Click, plus interest of KRW48,219,177, for a total of KRW1,048,219,177. The Korean Court ordered that JYP and Rain, as third-party debtors, "*shall not pay* the aforementioned debt" to Click, that Click "shall not dispose of or receive" that debt, and au-

thorized Mr. Park to "collect the debt seized." Change from Provisional Seizure to Official Seizure for Credit and Collection Order (Jan. 12, 2011), Ex. B to Lovejoy Decl.

23. On February 1, 2012, the Korean Court issued a Judgment against JYP and Rain directly ordering JYP and Rain each to pay KRW524,109,580, plus 20% annual interest dating from March 8, 2011, to Mr. Park. Judgment (Feb. 1, 2012), Ex. C to Lovejoy Decl. The amount of the Judgment as to each Defendant, KRW524,109,580, represents approximately US$459,181, an amount greater than the $400,000 that each Defendant was to pay Click as the second installment of the settlement agreement in this matter.

24. Mr. Park has acted upon the Official Seizure Order to attach real property belonging to Rain. To resolve the attachment, Rain paid Mr. Park the $400,000 owed by Rain from Rain's account maintained in Korea.

25. JYP has reached an agreement with Mr. Park allowing JYP until April 5, 2012 to make the payment of funds held in escrow by Akin Gump Strauss Hauer & Feld LLP before Mr. Park takes further enforcement action against JYP.

**B.  The Motion for Release of Funds**

26. On February 23, 2012, Click requested a status conference with the Court in order to discuss the resolution of the Korean litigation and what steps should be taken in this Court to bring this matter to final resolution.

27. The Court convened a status conference before Magistrate Judge Chang on February 29, 2012. Counsel for Rain, JYP and Click participated.

28. At the status conference, JYP and Rain expressed the view that in light of the Korean Judgment, they should be permitted to pay their remaining debt owed to Click to Mr. Park in lieu of payment to Click, and that the Court should issue an order so holding and permitting the release of funds held in escrow or by the Court for the purpose of satisfying JYP and Rain's obligations under the Korean Judgment.

29. Counsel for Click represented that counsel had been unable to obtain direction from Click on what position Click desired to take regarding JYP and Rain's entitlement to such an order. It was therefore agreed among the parties that JYP and Rain would file a motion asking the Court to issue the contemplated order.

30. On March 13, 2012, Click's counsel moved for leave to withdraw as counsel (the "Withdrawal Motion"). Dkt. 458. As grounds for that withdrawal, Click's counsel stated that Click has taken the position that the Korean orders are either inaccurate or fraudulent; that Click's counsel had not seen evidence to support Click's position and so was unable to make a "credible" presentation to the Court in support of that position; and that Click had therefore indicated a desire to retain new counsel and had threatened legal action.

31. Also on March 13, 2012, JYP and Rain filed their Motion to Order the Release of Funds Held in Escrow (the "Release Motion"). Dkt. 459.

32. JYP and Rain simultaneously moved *ex parte* for an order shortening the time to respond to their Motion, based *inter alia* on the representation of Click's counsel that he took no position on that motion to shorten time. Dkt. 460.

33. Judge Kay referred or designated the Release Motion and Withdrawal Motion to Magistrate Judge Chang for disposition. Dkt. 463.

34. The Court set both motions for hearing on March 22, 2012, and ordered that any responses to the Release Motion should be filed by 12:00 PM on March 19.

35. Click did not file an opposition. On March 19, 2012, Click filed a motion to continue the hearing (Dkt. 467), on the grounds that Click was seeking new counsel, and that non-party Mr. Lee, Click's principal, wished to attend the hearing in person but had been unable to make travel arrangements.

36. The Court held a status conference on March 20, 2012, in which counsel for JYP, Rain, and Click participated.

37. At the status conference, counsel for Click stated that he understood that Click desired to oppose the motion for release of funds, and was seeking counsel who would do so. Counsel for JYP and Rain objected to any continuance because a continuance would mean delay in the resolution of these proceedings. JYP

8

further objected because delay would entail the additional accrual of interest at an annual rate of 20% under the Korean Judgment, and the risk that Mr. Park would take further enforcement action that would prejudice JYP.

38. JYP and Rain also stated their view that it would subject them to unfair surprise if Click were allowed to present an objection to the release of funds at a hearing without giving notice of the basis of the objection beforehand.

39. In light of the parties' positions and in the interest of justice, the Court continued the hearing until March 28, 2012, and ordered that any objection was due on March 26, 2012 by 12:00 PM. Dkt. 471.

40. No objection was filed.

41. Any findings of fact that constitute conclusions of law shall be so construed.

## LEGAL FINDINGS

42. Plaintiff Click and Defendants JYP and Rain entered into a Settlement Agreement resolving their disputes in this action and requiring certain payments from Defendants to Click. JYP and Click, together with Click's counsel and Click's principal, Mr. Lee, then entered into a further stipulation pursuant to which $400,000 of the funds owed by JYP to Click would be placed into escrow while certain claims against Click then pending in the courts of the Republic of Korea were resolved. Click, and its principal Mr. Seung-Su Lee, are further obligated to

cooperate with JYP so that JYP is able to comply with an order of a court with jurisdiction over it. Rain entered into a similar stipulation with Click, pursuant to which $400,000 was given over into the keeping of this Court pending resolution of the same Korean litigation.

43. That Korean litigation now has been finally resolved. Under a valid, final, unappealable and binding judgment of the Seoul Central District Court for the Republic of Korea, JYP and Rain are obligated to each pay to Mr. Dae-Geun Park an amount in excess of the $400,000 each has put into escrow or with this Court, in lieu of payment to Click. Pursuant to that same judgment, Mr. Park attached real property belonging to Rain, and Rain, in order to clear that property of the encumbrance, paid in excess of $400,000 to Mr. Park in satisfaction of Rain's obligation to Mr. Park under that judgment.

44. Rain and JYP moved the Court for an order allowing the release of the escrowed funds to satisfy the Korean judgment by payment to Mr. Park or to reimburse Rain and JYP for any payment made to Mr. Park to satisfy that judgment. When Click failed to file an opposition to the motion, Click's counsel, who had moved to withdraw, requested a continuance in order to allow Click to retain new counsel and oppose the motion. In the interests of justice, the Court continued the hearing and set a new deadline for the filing of any opposition. Click again did not file an opposition. After filing no opposition or objection to the motion, Click

made certain proffers with respect to its position and characterization of the events that occurred in Korea, including the suggestion that the actions by the Korean Court were improper or unlawful. However, there is no proof or documentation that Click has taken an appeal of the Korean Court orders or judgment.

45. The Court finds that Click had reasonable notice that Defendants intended to bring the motion to release funds as early as February 23, 2012, and that Click had reasonable opportunity to prepare a response or objection or obtain new counsel, and did not do so.

46. The Court finds that the Korean orders submitted by JYP and Rain are valid, binding, and unappealable, and are entitled to recognition by this Court as a matter of comity. *See, e.g.*, *Hilton v. Guyot*, 159 U.S. 113, 164 (1895). JYP and Rain are entitled to the relief requested in their motion.

47. By paying in excess of $400,000 to Mr. Park in satisfaction of the Korean judgment, JYP shall have discharged in full its debt to Click under the Settlement Agreement in this action.

48. By paying in excess of $400,000 to Mr. Park in satisfaction of the Korean judgment, Rain has discharged in full his debt to Click under the Settlement Agreement in this action.

49. Any conclusions of law constituting findings of fact shall be so construed.

IT IS HEREBY FOUND AND RECOMMENDED THAT:

1. JYP's escrow agent (Akin Gump Strauss Hauer & Feld LLP) be authorized to release to Mr. Park so much of the $400,000 held in escrow as is necessary to satisfy JYP's obligation to Mr. Park under the Korean judgment, and be authorized to release the remainder, if any, to JYP.

2. The Clerk of the Court be instructed to release the $400,000 held for Rain, plus any interest that may have accrued, to Rain.

3. Any party wishing to object to this Findings and Recommendation must do so within 14 days after being served with a copy of the same. Local Rule 74.2.

DATED: Honolulu, Hawai'i, March 29, 2012.



Kevin S.C. Chang
United States Magistrate Judge