## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CLICK ENTERTAINMENT, INC., a Hawaii Corporation,<br><br>      Plaintiff(s),<br><br>  vs.<br><br>JYP ENTERTAINMENT COMPANY, LTD., a Korean Limited Company; STAR M. ENTERTAINMENT, a Korean Company; BEOM CHANG KANG; REVOLUTION ENTERTAINMENT; SE HYUN YUN; JIHOON JEONG, aka RAIN; JOHN DOES 1-25; JANE DOES 1-25; DOE ENTITIES 1-20,<br><br>      Defendant(s). | CIVIL NO. 07-00342 ACK-KSC |

### ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION AS MODIFIED

### BACKGROUND

The parties tried this breach of contract and tort action related to a cancelled concert in Honolulu, Hawaii, before a jury in March 2009. See Doc. Nos. 272-285. On March 19, 2009, the jury returned a verdict in favor of Plaintiff Click Entertainment, Inc. ("Click" or "Plaintiff") against, inter alia, JYP Entertainment Company, Ltd. ("JYP") and Ji-Hoon Jung ("Rain") (collectively, "Defendants"). Doc. No. 290. After the Court entered judgment, the parties entered into a written settlement

agreement (the "Settlement Agreement"). Doc. No. 402. Pursuant to this agreement, the Court vacated the judgment against JYP and Rain. Id. The Settlement Agreement called for JYP and Rain to each make two payments to Click. See Doc. No. 395, ¶ 1. The parties made the first payment in accordance with the agreement. The Settlement Agreement required that the parties each pay the second payment of $500,000 by February 2, 2010. Id.

Meanwhile, in the District Court for the Central District of Seoul in the Republic of Korea (the "Korean Court"), Dae-Geun Park brought an action against Click. On July 20, 2009, the Korean Court issued a provisional seizure order (the "Provisional Seizure Order") that seized Click's right to receive the second payment from JYP and Rain on the grounds that Click was allegedly liable to Park in an amount greater than the combined amounts Defendants currently owe to Click. See Doc. No. 443, Ex. A.

In light of the Provisional Seizure Order, the parties negotiated supplemental agreements. JYP and Rain entered into separate agreements with Click, under which JYP and Rain agreed to pay $100,000 each of their remaining debt to Click's counsel personally as attorney fees, for JYP to hold its remaining $400,000 in an escrow account with the law firm Akin Gump Strauss Hauer & Feld LLP as escrow agent, and for Rain to deposit its remaining $400,000 with the Clerk of the Court. See Doc. No. 443 (the "JYP Stipulation"), at 2-3; Doc. No. 445 (the "Rain Stipulation"). On April 5, 2010, the Court issued orders

approving both stipulations. Doc. Nos. 442 & 444.

The JYP stipulation requires Click's principal Seung-Soo Lee, Click, Click's counsel, and JYP to "cooperate with each other so that JYP and the JYP Escrow Agent . . . shall be able to comply with an order or orders of a court or courts with jurisdiction over it/them." Doc. No. 443, at 4. The JYP Stipulation further provides that the Escrow Agent may disburse funds "pursuant to orders, which become final, binding and nonappealable, from this Court and the Korean Court." Id.

The Rain Stipulation required that Click use its best efforts to resolve the Korean claims that formed the basis of the Provisional Seizure Order. Doc. No. 445, at 2. In the event the claims were not resolved, the Rain Stipulation required the parties to work together to reach a stipulation that would control the payment of the remaining $400,000. Id. at 3.

The Korean Court resolved the Korean litigation, issuing three relevant orders. On December 13, 2011, the Korean Court approved a mediation statement between Park, Lee, and Click in which Lee and Click agreed that they shall pay KRW 3 billion plus simple interest at an annual interest rate of 20%. Doc. No. 459, Ex. A ("Mediation Statement"). The Mediation Statement resolved Park's claim related to his investment in the cancelled Hawaii concert that is the subject of this action. See Mediation Statement. On January 12, 2011, the Korean Court issued an order converting the Provisional Seizure Order into a permanent official seizure order. Doc. No. 459, Ex. B ("Official Seizure

Order"). The Official Seizure Order seized approximately KRW 1 billion plus accrued interest. Id. The order further provided that Rain and JYP shall not pay the debt to Click, that Click shall not dispose of or receive the debt, and authorized Park to collect the debt. Id. On February 1, 2012, the Korean Court issued a judgment against JYP and Rain ordering them to each pay KRW 524,109,580 (over U.S. $450,000) plus interest to Park. Doc. No. 459, Ex. C ("Final Judgment"). This amount is greater than the $400,000 at issue that JYP has in escrow and the $400,000 at issue that Rain has deposited with the Clerk of Court. After Park acted upon the Official Seizure Order to attach real property belonging to Rain, Rain paid Park KRW 631,637,727 (which represents KRW 524,109,580 plus accrued interest). See Doc. No. 461, Declaration of Park Sung Girl ¶¶ 4-6; Doc. No. 459, Exs. D & E.

Upon Click's request, Magistrate Judge Chang held a status conference on February 29, 2012, to discuss the resolution of the Korean litigation and the release of the funds deposited with the Court and in escrow. See Doc. Nos. 456-457. Thereafter, on March 13, 2012, Click's counsel moved for leave to withdraw as counsel. Doc. No. 458. As grounds for the withdrawal, Click's counsel stated that he was unable to verify Click's position that the Korean orders are either inaccurate or fraudulent and that he could not make a "credible" presentation to the Court on these issues. Id. at Declaration of Eric A. Seitz ¶¶ 7-8. Click's counsel further asserted that after

advising Lee of his position, Lee "strongly expressed an opinion" that Click's counsel was not representing Click's interests aggressively enough, stated that he would seek other counsel in this matter, and stated that he intends to seek recourse from Click's counsel for any delays, costs and fees, or loss of settlement proceeds that may have resulted from or been related to Park's claims.  Id. ¶ 9.

Also on March 13, 2012, JYP and Rain filed a motion for release of funds held in escrow so that they could satisfy the Korean Court judgment ("Defendants' Release Motion").  Doc. No. 459.  Defendants simultaneously filed an ex parte motion to shorten the time to hear their motion.  Doc. No. 460.  On March 15, 2012, non-party KBFD-TV filed a notice of lien on any settlement or judgment in this matter for advertising that it provided to Click in connection with the cancelled Hawaii concert, in the amount of $7,958.10.  Doc. No. 465.

Magistrate Judge Chang granted the motion to shorten time and set Defendants' Release Motion for hearing on March 22, 2012.  Doc. No. 464.  On March 19, 2012, Click filed an ex parte motion to continue the hearing on Defendants' Release Motion to enable Click to obtain new counsel and non-party Lee (Click's principal) to make arrangements to attend the hearing.  Doc. No. 467.  On March 20, 2012, Magistrate Judge Chang held a status conference regarding the scheduling of Defendants' Release Motion and the motion to withdraw by Click's counsel.  Doc. No. 471.  Counsel for JYP, Rain, and Click participated in the status

conference.  See id.  After considering the comments of counsel at the conference, Magistrate Judge Chang continued the hearing for Defendants' Release Motion and the motion to withdraw by Click's counsel to March 28, 2012.  Id.  Magistrate Judge Chang ordered that any documents or other evidence and any opposition to Defendants' Release Motion be filed by March 26, 2012.  Id.  Click did not file an opposition nor any other documents before the hearing.

On March 28, 2012, Magistrate Judge Chang granted Click's counsel motion to withdraw subject to Plaintiff obtaining new counsel no later than April 4, 2012.[1]  Doc. No. 473.  On March 29, 2012, Magistrate Judge Chang issued a findings and recommendation (the "F&R") to grant Defendants' Release Motion. Doc. No. 475.  Magistrate Judge Chang found that pursuant to a valid, final, nonappealable and binding judgment by the Korean Court, JYP and Rain are obligated to pay Park an amount in excess of the $400,000 that each has placed in escrow or with this Court, in lieu of payment to Click.  F&R at 10.  He further found that the Korean orders are entitled to recognition by the Court as a matter of comity and JYP and Rain are entitled to the relief requested in their motion.  Id. at 11.  Particularly, by paying in excess of $400,000 to Park in satisfaction of the Korean judgment, JYP shall have discharged in full its debt to Click under the Settlement agreement and by paying in excess of

---

[1]Click's counsel filed Click's responses and is still representing Click at this time.

$400,000 to Park in satisfaction of the Korean judgment, Rain has discharged its debt in full under the Settlement Agreement. Id. Accordingly, he recommended that (1) JYP's escrow agent (Akin Gump, Strauss Hauer & Feld LLP) be authorized to release to Park so much of the $400,000 held in escrow that is necessary to satisfy JYP's obligation to Park and that the remainder be released to JYP, and (2) that the Clerk of Court release the $400,000 held for Rain, plus any accrued interest, to Rain.[2]  Id. at 12.

On April 2, 2012, non-party KBFD-TV filed an objection the F&R ("KBFD-TV's Objection").  Doc. No. 476.  On April 11, 2012, Click filed an objection to the F&R ("Click's Objection").  Doc. No. 477.  On April 13, 2012, KBFD-TV filed a joinder to Click's Objection.  Doc. No. 478.  On April 19, 2012, Defendants filed a response to KBFD-TV's Objection ("Defs.' Response to KBFD-TV").  Doc. No. 479.  On April 30, 2012, Defendants filed a response to Click's Objection ("Defs.' Response to Click").  Doc. No. 480.  In Defendants' Response to Click's Objection, JYP stated that after Magistrate Judge Chang issued the F&R, JYP paid Park in full.  Defs.' Resp. to Click at 3 n.1.  The Court issued an order stating that it needed verification from JYP of the amount of JYP's payment to Park and whether it constitutes payment in full satisfaction of the Korean Court orders before

---

[2]The Court notes, however, that the F&R overlooks that the JYP stipulation requires a valid, final, and nonappealable order by this Court and the Korean Court for the release of the funds held in escrow.  See Doc. No.443, at 4.

the Court issues an order releasing the escrow funds. Doc. No. 481. JYP has not yet filed such verification.

## STANDARD OF REVIEW

A district court reviews de novo those portions of a magistrate judge's findings and recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Haw. Local Rule 74.2. The district court may accept those portions of the findings and recommendation that are not objected to if it is satisfied that there is no clear error on the face of the record. Stow v. Murashige, 288 F. Supp. 2d 1122, 1127 (D. Haw. 2003). The district court may receive further evidence or recommit the matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1). It may also consider the record developed before the magistrate judge. D. Haw. Local Rule 74.2. The district court must arrive at its own independent conclusions about those portions of the magistrate judge's report to which objections are made, but a de novo hearing is not required. United States v. Remsing, 874 F.2d 614, 618 (9th Cir. 1989).

The Court finds that a hearing in this matter is neither necessary nor appropriate. See D. Haw. Local Rule 7.2(d).

## DISCUSSION

### I. KBFD-TV's Objection

KBFD-TV's Objection states that it previously filed a

notice of lien with the Court and requests payment of that lien from the funds presently held.  KBFD-TV's Obj. at 2.  KBFD-TV did not object to any particular finding or conclusion contained in the F&R.  Furthermore, KBFD-TV did not state why it is entitled to appear in this action, what the legal status of the purported lien is, or cite any authority supporting enforcement of its lien in this action.  Thus, KBFD-TV's Objection provides no basis for the Court to modify or reject the F&R.

Alternatively, KBFD-TV did not oppose Defendants' Release Motion before Magistrate Judge Chang.  KBFD-TV is represented by counsel.  KBFD-TV does not make any arguments or cite any evidence that was not available to it before Magistrate Judge Chang issued the F&R.  KBFD-TV set forth no reason for its failure to file an opposition to Defendants' Release Motion.  In these circumstances, the Court exercise its discretion to decline to consider KBFD-TV's Objection.[3]  See United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000) (holding that in considering an objection to a magistrate judge's recommendation, a district

---

[3] As another alternative for declining to consider KBFD-TV's Objection, Federal Rule of Civil Procedure 72(b) provides that within fourteen days of being served a copy of a magistrate judge's findings and recommendations, "a party may serve and file specific written objections to the proposed findings and recommendations."  Local Rule 74.2 provides that "[a]ny party may object to a magistrate judge's . . . findings or recommendations . . . within fourteen (14) days after being served with a copy of the magistrate judge's . . . findings, or recommendations."  KBFD-TV has made no argument and there is nothing in the record to suggest that the Court should consider non-party KBFD-TV's objection.  KBFD-TV has not even made specific objections to the F&R, and the Court declines to consider its purported objection in these circumstances.

court has discretion to decline to consider evidence not presented to the magistrate judge); Williams v. McNeil, 557 F.3d 1287, 1290 (11th Cir. 2009) (holding that a district court has discretion to decline to consider arguments raised for the first time in an objection to a magistrate judge's report and recommendation); Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

**II. Click's Objection**

Click's Objection states it is objecting to the F&R for the following seven reasons: (1) Defendants have never established the authenticity or legitimacy of the Korean Court documents at issue; (2) the Korean Court's "supposed 'provisional attachment' of debts and obligations . . . evidences a high degree of disrespect for this Court"; (3) the Korean proceedings involved a corporation identified as "Click Entertainment, Ltd., which is distinct from and is not the Plaintiff in this case"; (4) there is an appearance of collusive activities in Korea between Defendants and Park; (5) Lee can adduce testimony and evidence that Park's claims are fraudulent and false; (6) Click will never be able to recover any portion of its judgment and settlement in this litigation if the funds are dispersed to parties in Korea; and (7) the Court should order those monies be interpleaded and require all interested parties appear in this Court to assert and prove their claims. Click's Obj. at 2-3.

As with KBFD-TV, Click did not file an opposition to

Defendants' Release Motion.  On March 20, 2012, after the status conference, Magistrate Judge Chang issued a minute order stating, <u>inter alia</u>, that Click should file any documents or other evidence or any memoranda or declarations in opposition to Defendants' Release Motion by March 26, 2012.  Doc. No. 471.  Click did not make any such filings or request an extension of time to do so.  In its Objection, Click does not state any reasons for failure to oppose Defendants' Release Motion.  The arguments made in Click's objection were available to it before Magistrate Judge Chang issued the F&R.  The Court therefore exercises its discretion to decline to consider Click's Objection.  <u>See</u> <u>Howell</u>, 231 F.3d at 621-22; <u>Williams</u>, 557 F.3d at 1290; <u>Marshall</u>, 75 F.3d at 1426.

Alternatively, Click's arguments fail on the merits.  The Court will address each assertion in turn.

### A. Authenticity of the Korean Documents

The Court finds that the Defendants have established the authenticity and legitimacy of the Korean documents at issue.  Sharon v. Lovejoy, attorney for Rain, declared under penalty of perjury that the Korean documents attached to Defendants' Release were true and correct copies.  <u>See</u> Doc. No. 459-3, Declaration of Sharon V. Lovejoy ("Lovejoy Declaration") ¶¶ 4-7.  Each document contains a notarial certificate on the document itself, a copy of the Korean Court's order, and an English translation with a notarial certificate reflecting that it is a true translation.  <u>See</u> Doc. No. 459, Exs. A-C.  Furthermore, in the settlement

11

stipulation with JYP, Click acknowledged the validity of the Korean Court's Provisional Seizure Order.  See Doc. No. 443. Defendants also point out that the enforceability of the orders has been confirmed by Park's attachment of real property belonging to Rain.  See Defs.' Response to Click at 7; Lovejoy Declaration ¶ 10.  There is nothing in the record to suggest these documents are not authentic.  Accordingly, Click's first argument presents no basis for rejecting the F&R.

### B. Purported Disrespect for this Court

Second, the Korean Court's order do not contravene an order of this Court.  In fact, the JYP and Rain stipulations with Click that this Court approved recognize that the Korean action affects the funds at issue here.  There is nothing to suggest that the Korean orders evidence a "high degree of disrespect for this Court."

### C. Click's Identity

The Court rejects Click's suggestion that it is not the corporation identified in the Korean Court orders.  The English translation of the Korean Court orders refer to "Click Entertainment Ltd.," and lists its address as Kapiolani Blvd., Ste. 500, Honolulu, Hawaii 96814, U.S.A.  The Plaintiff in this case, "Click Entertainment, Inc.," is registered with the State of Hawaii at the same address.  See State of Hawaii, Dep't of Commerce & Consumer Affairs, Business Registration Division, http://hbe.ehawaii.gov/documents/business.html?

fileNumber=217123D1 (last visited on May 24, 2012).[4]
Furthermore, Click stipulated to the fact that the Provisional Seizure Order, which also lists "Click Entertainment Ltd." with the foregoing address as a party, was a true and correct copy. Click also stipulated that the Provisional Seizure Order was issued by the Korean Court based on Park's allegations that Click owed Park KRW 500 million. See Doc. No. 443, at 2. Finally, the Korean Court orders list Lee Seung-Soo as Click Entertainment, Ltd.'s Representative Director. See Doc. No. 459, Exs. A-B. Consequently, the Court finds that Plaintiff Click is the same corporation identified as "Click Entertainment Ltd." in the Korean Court orders.

### D. Purported Collusive Activities

The Court likewise rejects Click's conclusory statement that there is an "appearance of collusive activities" between Defendants and Park. There is nothing in the record or argued by Click that supports this claim.

### E. Potential New Evidence

Click further states that Lee can adduce testimony and present evidence that Park's claims are fraudulent and false. First, as a matter of comity, this Court will not relitigate the

---

[4]The Court may take judicial notice of Click's registration because it is a matter of public record listed in the State of Hawaii, Business Registration Division's database. See See Fed R. Evid. 201 (providing that courts may sua sponte take judicial notice of facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); Krakauer v. IndyMac Mortg. Servs., Civ. No. 09-00518 ACK-BMK, 2010 WL 5174380, at *9 n.21 (D. Haw. Dec. 14, 2010).

13

Korean case between Park and Click.  See United States v. Kashamu, 656 F.3d 679, 683 (7th Cir. 2011) ("[A] U.S. court should generally give preclusive effect to the foreign court's finding as a matter of comity."); Paramedics Electromedicina Comercial, Ltda v. GE Medical Sys. Info. Techs., Inc., 369 F.3d 645, 654 (2d Cir. 2004) ("United States courts may choose to give res judicata effect to foreign judgments on the basis of comity.") (internal quotations omitted).

Second, Click had the opportunity to submit evidence to Magistrate Judge Chang before he issued the F&R, but choose not to do so.  Despite the fact that Magistrate Judge Chang continued the hearing for six days upon Click's request, Click did not file an opposition to Defendants' Release Motion nor file any other documents before the hearing on the motion.  "A district judge has discretion to consider new evidence or legal arguments made only in the objections to the magistrate judge's report."  United States v. Song Ja Cha, 597 F.3d 995, 1003 (9th Cir. 2010).  Click has not identified what potential evidence supports its claims or who can provide testimony in support of the claims.  Consequently, the Court declines to exercise its discretion to allow Click an opportunity to present any evidence not presented prior to Magistrate Judge Chang's F&R.

### F. Click's Recovery of Money

Click's next argument is that it will never be able to recover its settlement in this litigation if the funds are dispersed to parties in Korea.  Click has not presented any

14

reason or argument as to why this would support the Court declining to recognize and enforce the Korean Court orders. This is not a situation where this Court's order will subject Click to conflicting obligations. Rather, by paying Park, Rain and JYP have satisfied a portion of Click's debt owed to Park. Click's argument is without merit.

**F. Interpleader Action**

Finally, Click argues the Court should order the money at issue be interpleaded and require all interested parties appear in this Court to assert and prove their claims. Again, Click has provided no support or authority for this conclusory assertion. There is no basis for allowing an interpleader action in this case.

In sum, Click has presented no credible evidence or argument, and the Court has found none, as to why the Court should not recognize the Korean Court orders or reject any portion of the F&R.[5] The Court concludes that in light of the stipulations and by JYP and Rain each paying in excess of $400,000 to Park in satisfaction of the Korean judgment, JYP and Rain discharged in full their debts to Click under the Settlement Agreement. The Court therefore adopts the F&R as modified.

## CONCLUSION

---

[5]With the qualification that the F&R overlooks that JYP's stipulation requires a final, binding, and nonappealable order by this Court and the Korean Court before funds may be released. The Court finds it appropriate that the Rain escrow agent, being the Clerk of this Court, should likewise not distribute the escrow funds until this Court's order is nonappealable.

For the foreign reasons, the Court adopts Magistrate Judge Chang's Findings & Recommendations as modified. Once this Order becomes nonappealable, JYP's escrow agent is authorized to release the $400,000 held in escrow for JYP, plus any interest that may have accrued, to JYP. Once this Order becomes nonappealable, the Clerk of the Court is instructed to release the $400,000 held for Rain, plus any interest that may have accrued, to Rain.

The Court's order, however, is not effective until the Court has received, reviewed, and issued an order approving of the verification of payment by JYP to Park in the full amount of the Korean Court orders.

IT IS SO ORDERED.
DATED: Honolulu, Hawaii, May 31, 2012.



_____
Alan C. Kay
Sr. United States District Judge

Click Entertainment, Inc. v. JYP Entertainment Co., et al., Civ. No. 07-00342 ACK-KSC: Order Adopting F&R As Modified.